IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerome Cochrane, | ) | |
| | ) | Civil Action No. 6:10-844-JFA-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Jon E. Ozmint; Warden A. J. Padula; | ) | |
| Associate Warden Margaret E. Bell; | ) | |
| Associate Warden J. J. Brooks; | ) | |
| Mailroom Personnel; Ms. Simon | ) | |
| Bracey; Miss Lisa Johnson; Grievance | ) | |
| Office; and Miss Sharon Patterson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the parties' competing motions for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, filed his complaint seeking relief pursuant to Title 42, United States Code, Section 1983, for alleged constitutional violations by the defendants, who are officials and employees of the South Carolina Department of Corrections ("SCDC"). Specifically, the plaintiff claims that he was denied access to federal court and was disparately punished for violating prison rules.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY**

The plaintiff filed his complaint on April 6, 2010. He then filed a motion for default judgment, which was denied. He next filed an amended complaint on July 2, 2010. On July 15, 2010, the defendants filed an answer, and the plaintiff filed a reply on August 11, 2010. On September 30, 2010, the defendants moved for summary judgment. By order filed October 1,

2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on December 8, 2010, asserting that summary judgment was premature because he had not been provided an adequate opportunity to conduct discovery. In the meantime, he filed his own motion for summary judgment on November 8, 2010. The defendants responded in opposition on November 12, 2010.

## FACTS PRESENTED

The plaintiff is a state inmate, serving a life sentence for murder at the Lee Correctional Institution ("LCI"), a prison facility of the SCDC. On October 22, 2009, the Fourth Circuit Court of Appeals issued a Notice of Judgment in an earlier appeal brought by the plaintiff, *Cochran v. Burtt*, No. 09-7227, dismissing the case for lack of jurisdiction because his notice of appeal was filed untimely. The plaintiff contends that upon receipt of the Notice of Judgment, he intended to file a petition for rehearing within the allotted 14-day period, but the mailroom staff at LCI failed to mail his letter to the clerk of the Fourth Circuit. He alleges that this failure amounts to a violation of his constitutional rights, as he was in effect denied access to the court. Filed with his complaint are institutional grievances the plaintiff lodged against "Miss Simon" for allegedly refusing to mail his petition for rehearing. In addition, he alleges due process and equal protection violations by LCI staff after he was allegedly sanctioned more severely than other inmates after failing a drug test.

The defendants deny that they have violated the plaintiff's constitutional rights in any respect and further raise various affirmative defenses.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he

3

must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

### *Dismissal for Failure to Plead Personal Allegations/*
### *Eleventh Amendment Immunity*

The defendants first argue that the record fails to demonstrate their personal involvement in the alleged deprivations. The complaint names only defendant Padula, the Warden at LCI, in its factual allegations. There are no allegations against defendant Ozmint, the Director of the SCDC, whatsoever. Grievances attached as exhibits to the complaint contain the names of defendants Bell, Johnson, and Brooks, purportedly as recipients of the grievances. Defendant Bell is an Associate Warden at LCI; defendant Johnson is a Grievance Coordinator assigned to LCI, and defendant Brooks is an Associate Warden at LCI. The defendants identified as "mailroom personnel" are not named personally, though defendant Simon Bracey is apparently identified by the plaintiff as "Miss Simon" in the complaint's exhibits and blamed by him for his legal mail being held up. Defendant Sharon Patterson, a Disciplinary Hearing Officer assigned to LCI and identified by the plaintiff as "Sharon" in the complaint's exhibits, is apparently the individual accused of disparate punishment. Summary judgment should be granted as to defendant Ozmint and the unnamed "mailroom personnel," as the plaintiff has failed to allege that these defendants personally acted or failed to act in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D. Md. 1971).

The only defendant mentioned by the plaintiff in the fact section of his complaint is defendant Padula, and only then in a supervisory capacity. The defendants Padula, Bell, Brooks, and Johnson could at best be described as acting in a supervisory capacity from the

4

information contained in the complaint and its exhibits.  The doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).  The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate:  (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.).  As will be discussed below, the plaintiff fails to establish an actual constitutional injury.  Accordingly, summary judgment should be granted as to Padula, Brooks, and Johnson, as he cannot show that they are liable as supervisors in this case.

Moreover, while the Eleventh Amendment does not bar suits against government officials in their individual capacities, this principle is inapplicable here, as the only allegations levied against these defendants arise from their performance, or alleged lack thereof, in their respective official capacities as SCDC officials and employees.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore is no different from a suit against the State itself.").  The SCDC and LCI are state agencies or departments and are immune from monetary damages.  *See Abebe v. S.C. Dept. of Corrections*, 2010 WL 3258595 (D.S.C.2010) (stating that SCDC is an agency of the state and, as such, is immune from suit in federal court for alleged deprivation of civil liberties). Accordingly, despite the plaintiff's procedural maneuver to pursue the defendants in their individual capacities, his claim fails, and they are immune from liability in their official capacities.

5

***Right of Access to Federal Court***

The plaintiff claims he was denied access to the Fourth Circuit Court of Appeals because defendant Bracey refused to mail his petition for rehearing. The right of access to the courts is protected by the Due Process and Equal Protection Clauses. *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. However, in *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court made clear that a plaintiff must show that the underlying court claim was "arguable" and "nonfrivolous" and that a remedy was available to the plaintiff in that action. *Id.* at 415.

The plaintiff has failed to plead the requisite actual injury necessary to sustain his case. While he blames Bracey for interfering with his mailing, he has not demonstrated in any capacity that his petition for rehearing was nonfrivolous nor arguably meritorious. Indeed, a review of the underlying unpublished opinion dismissing his appeal shows that it would have been frivolous, as the appeal itself was frivolous as duplicative:

> The district court's order was entered on the docket on March 26, 2007. The notice of appeal was filed on August 13, 2008. Because Cochrane failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. *We note that this court addressed Cochrane's appeal of the March 26, 2007 order in a previous opinion which denied a certificate of appealability and dismissed the appeal. Cochrane v. Burtt, No. 07-718 (4th Cir. Aug. 28, 2007).*

6

*Cochrane v. Burtt*, No. 09-7227 (Oct. 22, 2009) (emphasis added).[1]  Accordingly, even taking

as true the allegation that Bracey refused to mail the plaintiff's petition for rehearing, the plaintiff

suffered no actual injury because his timely petition would have been dismissed in any event.

As such, the plaintiff's claim of an unconstitutional denial of access to the court is meritless.


***Disparate Punishment***

   The plaintiff complains that after he and five other inmates failed a drug test, he

was the only one to receive a "more severe sentence."  Per defendant Patterson, who serves

LCI as a Disciplinary Hearing Officer, the plaintiff's punishment was 360 days disciplinary

detention time, reduced to 180 days, and 360 days of canteen, phone, and visitation privileges

(doc. 50-5, Patterson affidavit, ¶¶ 7and 8).  The plaintiff does not challenge his failure of the

drug test or the disciplinary proceedings leading up to the imposition of his punishment, but

only the punishment itself as compared to the punishment meted out to the other five inmates.

Hence, while he uses the term "due process" to describe his perceived constitutional complaint,

he is advancing an issue grounded in equal protection.  To be sure, the defendants point out

that the plaintiff received due process throughout the disciplinary proceedings and thoroughly

document the proceedings provided to the defendant (*see* doc. 50-5, consisting of the affidavit

of Disciplinary Hearing Officer Patterson, Incident Report, Specified Inmate Drug Testing Form,

and Disciplinary Report and Hearing Record).  Prison officials must accord an inmate minimal

due process requirements for a disciplinary hearing that might result in good-time credits or

some similar state-created liberty interest.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  It

appears from the defendants' submissions of record, uncontested by the plaintiff, that he

received due process in the disciplinary proceedings for his failed drug test.

   As for his equal protection claim under Section 1983, the plaintiff must show the

existence of purposeful discrimination and demonstrate that he was treated differently from

---

[1] The plaintiff is identified as Cochrane in the underlying action in the appellate court.

similarly situated individuals.  *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.2001).  He has failed to do so.  According to Patterson, the punishment imposed on the plaintiff reflected the fact that this was his sixth disciplinary conviction for the same offense.  Even still, she imposed the minimum punishment of 360 days of disciplinary detention  (Patterson aff. ¶ 7). The plaintiff has not presented any evidence that the other five inmates were similarly situated, with disciplinary records as poor as his, nor has he itemized the respective punishments received by the five others.  As argued by the defendants, the plaintiff has failed to show any disparate treatment, much less any purposeful discrimination by any of the defendants. Accordingly, his constitutional claim of disparate treatment is meritless.

***Plaintiff's Opposition to Summary Judgment***

The plaintiff opposes the defendants' motion for summary judgment on the basis that insufficient time had elapsed for him to conduct full and fair discovery.  This contention is meritless.  This complaint was filed on April 6, 2010, nine months ago.  The plaintiff has had ample time to prepare his case and has in fact supplemented his filings with relevant exhibits. He provides nothing to convince the court that allowing additional time for discovery would somehow prevent the eventual entry of summary judgment for the defendants.

<u>**CONCLUSION AND RECOMMENDATION**</u>

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 50) be granted and the plaintiff's motion for summary judgment (doc. 53) be denied.

IT IS SO RECOMMENDED.

January 6, 2011                                    s/Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

8