IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome Cochrane, | ) | C/A No.: 6:10-844-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Jon E. Ozmint; Warden A.J. Padula; | ) | |
| Associate Warden Margaret E. Bell; | ) | |
| Associate Warden J.J. Brooks; Mailroom | ) | |
| Personnel; Ms. Simon Bracey; Miss Lisa | ) | |
| Johnson; Grievance Office; and Miss Sharon | ) | |
| Patterson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Jerome Cochrane, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights involving access to the courts and prison disciplinary proceedings.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that this court should grant the defendants' motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motions. Plaintiff also filed a motion for summary judgment to which the defendants responded.

1

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on January 6, 2011. In a motion dated January 25, 2011, the plaintiff filed a request for an extension of time within which to file objections to the Report. Despite the fact that motion for additional time was dated *after* the original deadline to file objections had expired, the court granted the plaintiff an extension until February 25, 2011 to file objections.

Regardless of the extension, the plaintiff's objections were not received by the court until March 18, 2011. A review of the envelope (containing the objections) mailed by the plaintiff to the Clerk reveals that it was marked "Received" by the Lee Correctional Mail Room on March 14, 2011. Notwithstanding the fact that the plaintiff dated his objection memorandum February 24, 2011, the attachments to the objections are dated March 3, 2011. He also attaches an affidavit dated March 3, 2011, with an indecipherable name of a witness who states that "the party could not have done anything and to justify the party's delay 1) Institutional lock down for medical reasons; and 2) or security reasons."

Generally, an incarcerated plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), which holds that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to District Court. However, the plaintiff did not deliver his objections to the Report to the prison mailroom until March 14, 2011, well beyond the February 25, 2011 extended deadline. The plaintiff has failed to file timely objections despite being advised in the Magistrate Judge's Report that this failure would result in a waiver of his right to appeal from a judgment of the district court. In the absence

of timely filed objections, this court will only review the Report for clear error, without a *de novo* review of the objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005); and Fed. R. Civ. P. 72(b).

The Magistrate Judge recommends the court grant summary judgment on behalf of the defendants. The plaintiff has failed to demonstrate the defendants' personal involvement in the alleged deprivations and such defendants are immune from liability in their official capacities. With regard to the plaintiff's claim of denial of access to the federal courts, the Magistrate Judge correctly opines that the plaintiff has failed to plead the requisite injury and such claim is meritless. As to the plaintiff's claim of disparate punishment or alternatively for equal protection, the Magistrate Judge properly notes that the plaintiff has failed to show any disparate treatment or purposeful discrimination by any of the defendants. Finally, the court finds no merit in the plaintiff's claim that he had insufficient time to conduct full discovery.

The court has carefully reviewed the record, the applicable law, and the Report and Recommendation, and finds the Magistrate Judge's recommendation to be proper and without legal error, and the Report is incorporated herein by reference. The defendants' motion for summary judgment is hereby granted and this action is dismissed with prejudice. Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

April 21, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3

4

6:10-cv-00844-JFA     Date Filed 04/21/11    Entry Number 75     Page 4 of 4

4